UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

CALVIN GREEN,
    Plaintiff,

vs.                                            11-1242

GUY PIERCE and LIEUTENANT STROGAN,
    Defendants.

MERIT REVIEW ORDER

    This cause is before the court for a merit review of the Plaintiff's claims. The court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

    The Plaintiff, a pro se prisoner, has filed this lawsuit pursuant to 42 U.S.C. §1983 claiming that his constitutional rights were violated at the Pontiac Correctional Center. The Plaintiff has named at least two individuals as Defendants: Warden Guy Pierce and Lieutenant Strogan. Unfortunately, most of the Plaintiff's complaint is illegible. The Plaintiff's writing is difficult to decipher and he has left no spacing between each word. (Comp., p. 5). However, the Plaintiff has used a standard §1983 complaint form. In the section which asks whether he has exhausted administrative remedies, the Plaintiff has checked the box stating he has filed a grievance, but he has also checked the box stating that the grievance process is not complete. (Comp., p. 3). The form states if you have not competed the process, "explain why not" and the Plaintiff has written "I wrote the warden...." (Comp., p. 3). Furthermore, in the portion of the complaint which asks the date of the occurrence, the Plaintiff has written "June 20, 2011." (Comp., p. 5) The Plaintiff filed his complaint on June 29, 2011.

    Pursuant to 42 U.S.C.§1997e(a), an inmate complaining about the conditions of his confinement must exhaust his administrative remedies **BEFORE** he files a lawsuit. Failure to exhaust is ground for summary dismissal of the complaint. *See Porter v. Nussle,* 534 U.S. 516, 524 (2002); *Lewis v. Washington,* 300 F.3d 829, 834 (7th Cir. 2002); *Ester v Principi,* 250 F.3d 1068, 1071 (7th Cir. 2001). The court notes that failure to exhaust is an affirmative defense, but "when the existence of a valid affirmative defense is so plain from the face of the complaint that the suit can be regarded as frivolous, the district judge need not wait for an answer before dismissing the suit." *Walker v Thompson,* 288 F.3d 1005, 1009 (7th Cir. 2002).

It is clear from the face of the complaint that the Plaintiff did not exhaust his administrative remedies. The Plaintiff admits he did not complete the process and the entire grievance procedure could not be completed in nine days. Therefore, the court must dismiss the Plaintiff's complaint.

**IT IS THEREFORE ORDERED that:**

**1) The Plaintiff's lawsuit is dismissed without prejudice for failure to exhaust administrative remedies as required pursuant to 42 U.S.C.§1997e(a). The pending motion for appointment of counsel is denied as moot. [d/e 3]**

**2) The agency having custody of the Plaintiff is directed to remit the docketing fee of $350.00 from the Plaintiff's prison trust fund account if such funds are available. If the Plaintiff does not have $350.00 in his trust fund account, the agency must send 20 percent of the current balance, or the average balance during the past six months, whichever amount is higher; thereafter, the agency shall begin forwarding monthly payments from the Plaintiff's trust fund account to the clerk of court each time the Plaintiff's account exceeds $10.00 until the statutory fee of $350.00 is paid in its entirety. The filing fee collected shall not exceed the statutory filing fee of $350.00.**

**3) The Plaintiff is responsible for ensuring the $350.00 filing fee is paid to the clerk of the court even though his case has been dismissed. Release from incarceration does not relieve the Plaintiff of his obligation to pay the filing fee in full.**

**4) The Plaintiff must notify the clerk of the court of a change of address and phone number within seven days of such change.**

**5) The clerk is directed to mail a copy of this order to the Plaintiff's place of confinement, to the attention of the Trust Fund Office.**

Entered this 30th day of August, 2011.


                                          s/James E. Shadid
                          _____
                                       JAMES E. SHADID
                               UNITED STATES DISTRICT JUDGE